4197. ROBERTS v. HARRIS.

HILL, C. J. This was a foreclosure of a chattel mortgage, to which there was a counter-affidavit setting up payment. Besides the indebtedness secured by the mortgage, the mortgagor was indebted to the plaintiff on open account. It was admitted that the mortgagor had made payments on his indebtedness to the plaintiff, and the issue, under the evidence, was as to the proper application of these payments. The plaintiff applied them in payment of the account, relying upon an alleged contract with the defendant, authorizing him to do so. The defendant denied the contract, and insisted that the payments should have been credited on the mortgage, and that if this had been done, the debt secured by the mortgage would have been fully paid. It was not contended by the defendant that he had given to the plaintiff any express instructions as to the application of the payments. On the controlling issue thus made the evidence was in direct and positive conflict, and the trial judge instructed the jury to the effect that if there was no agreement between the parties as to how the payments were to be applied, and if the jury should find that there had been payments sufficient to liquidate the mortgage, this would be a settlement of the mortgage; and that

without such agreement the plaintiff would not have had the right to make an application of the payment to the open account. *Held:* The defendant could not complain of this instruction; and as no error of law was committed, and the evidence was in conflict on the controlling issue of fact, there was no error in refusing a new trial.

*Judgment affirmed.*

DECIDED OCTOBER 9, 1912.

Foreclosure of mortgage; from city court of Sandersville—Judge Jordan. February 22, 1912.

*Evans & Evans,* for plaintiff in error. *J. J. Harris,* contra.